COPY

1  Joseph J. Siprut (*To be admitted Pro Hac Vice*)
   jsiprut@siprut.com
2  Aleksandra M. S. Vold (*To be admitted Pro Hac Vice*)
   avold@siprut.com
3  SIPRUT PC
   122 South Michigan Avenue, Suite 1850
4  Chicago, Illinois 60603
   Telephone:  (312) 588-1440
5
6  Todd D. Carpenter (234464)
   tcarpenter@bffb.com
7  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
8  600 W. Broadway, Suite 900
   San Diego, California 92101
   Telephone:  (619) 756-6978
9
10 Elaine A. Ryan (*To be admitted Pro Hac Vice*)
   eryan@bffb.com
   Patricia N. Syverson (203111)
11 psyverson@bffb.com
   Lindsey M. Gomez-Gray (*To be admitted Pro Hac Vice*)
12 Lgomez-gray@bffb.com
   BONNETT, FAIRBOURN, FRIEDMAN
13 & BALINT, P.C.
   2901 N. Central Avenue, Suite 1000
14 Phoenix, Arizona 85012
   Telephone:    (602) 274-1100
15
16 [additional counsel appear on signature page]

17 Attorneys for Plaintiff

18
## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA



19

20  KRISTIN JODTS, individually and on
    behalf of all others similarly situated,          Case No.: **CV12-04309 BY FAX**
                                                                     ODW (CW x)
21
22          Plaintiff,
                                              1.   VIOLATION OF THE UNFAIR
                                                   COMPETITION LAW, Business
           v.                                      and Professions Code §17200 *et
                                                   seq.*;
23  CROWN CRAFTS INFANT           2.   VIOLATION OF THE
    PRODUCTS, INC., a Delaware         CONSUMERS LEGAL
24  corporation; CROWN CRAFTS, INC.,  REMEDIES ACT, Civil Code
    a Delaware corporation,            §1750 *et seq.*; and
25                                                 3.   VIOLATION OF MARYLAND
           Defendants.                             CONSUMER PROTECTION ACT,
26                                                 §13-101 *et seq.*

27                                            DEMAND FOR JURY TRIAL

28

Plaintiff Kristin Jodts brings this action on behalf of herself and all others similarly situated against Defendants Crown Crafts, Inc. and Crown Crafts Infant Products, Inc. (collectively, "Crown Crafts" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.     Defendants distribute, market and sell crib bumpers under the primary brand name "NoJo" as well as nine other licensed brands, including "Nautica Kids", "Disney Baby", "Classic Pooh" and "Edie Bauer" ("the crib bumper products"). Consumers purchased Defendants' crib bumper products based on the belief that the bumpers increase the safety of their child's crib. In truth, the crib bumper products actually put children at greater risk for suffocation or crib death.

2.     Despite the evidence that these bumpers are not safe and pose risk of serious injury and death, Defendants have turned a blind eye to the dangers posed by their crib bumper products in order to maintain sales and profits, and continue to sell their products. In selling their crib bumpers to Plaintiff and the Classes, Defendants have knowingly concealed these serious risks and affirmatively misrepresented that the crib bumper products are safe if properly installed. Thus, by purchasing one of Defendants' products, Plaintiff and each member of the below-defined Classes were injured by Defendants' conduct because they paid for crib bumpers they would not have purchased had they known the risks the crib bumpers posed to their children.

3.     Defendants' goal was to deceive consumers about the safety of their crib bumpers and to reap significant financial rewards through the unlawful conduct to the detriment of Plaintiff and the Classes. Defendants have succeeded. Infant bedding sales exceed $50 million per year — a number that includes over 200,000

crib bumpers.[1]

4.   Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased the crib bumper products to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the crib bumper products.   Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law, and the Maryland Consumer Protection Act created by Defendants' advertising, including false labeling.

## JURISDICTION AND VENUE

5.   This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the members of the class are citizens of states different from Defendants.

6.   This Court has personal jurisdiction over Defendants because Defendants are authorized to do and conduct business in California.   Defendants assemble, market, label, package and distribute their crib bumper products from Crown Crafts Infant Products, Inc.'s headquarters in Compton, California.

7.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to the alleged claims occurred in this district and because Defendant Crown Crafts Infant Products, Inc:

- is headquartered in this district;
- is authorized to conduct business in this district and has

---

[1]   Jayne O'Donnell, *Pediatrics Group Says No To Crib Bumpers*, USA TODAY (Oct. 18, 2011), *available at* http://www.usatoday.com/money/industries/retail/story/2011-10-18/crib-bumpers/50817722/1.

intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution, and sale of its crib bumper products in this district; and

- does substantial business in this district.

## PARTIES

8. Plaintiff Kristin Jodts is a natural person and citizen of the State of Maryland. Within the last three years, Plaintiff Jodts purchased Defendants' Nojo bedding set, which included a crib bumper from Buy Buy Baby in Rockville, Maryland. Plaintiff Jodts paid approximately $200 for the NoJo bedding set. Plaintiff Jodts bought and used the crib bumper believing that it was safe, and most certainly would not pose a risk of crib death.

9. Defendant Crown Crafts, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 916 South Burnside Avenue, Gonzales, Louisiana. Crown Crafts, Inc. is among America's largest producers of infant bedding, bibs and bath items. Crown Crafts, Inc. distributes, markets, labels, packages and sells crib bumpers to tens of thousands of consumers nationwide.

10. Defendant Crown Crafts Infant Products, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 711 West Walnut Street, Compton, California 90220. Crown Crafts Infant Products, Inc. is a wholly owned subsidiary of Crown Crafts, Inc. From its headquarters in Compton, California, Crown Crafts Infant Products, Inc. distributes, markets, labels, packages and sells crib bumpers to tens of thousands of consumers nationwide.

11. Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the

1    things alleged herein, was acting within the course and scope of such agency,

2    employment, representation, on behalf of such partnership or joint venture, and/or

3    as such alter ego, with the authority, permission, consent, and/or ratification of the

4    other Defendant.

5    **FACTUAL BACKGROUND**

6    ***Defendants' Crib Bumper Products***

7         12.    Defendants are one of the leading distributers of infant and toddler

8    consumer products, including bedding, blankets and other nursery accessories. This

9    lawsuit concerns one of those products -- crib bumpers.

10         13.    A crib bumper is a padded cushion that fits around the inside of a

11    baby's crib and is usually affixed to the crib by ties around several slats. Crib

12    bumpers are available in many different styles and are often coordinated to match

13    other bedding. Crib bumpers are sold separately or as part of a bedding collection.

14    The following are illustrative examples of Defendants' crib bumper products:

 

24         14.    Defendants' crib bumper products are sold online and in a variety of

25    third-party retailers, including Babies R Us, Baby Depot, K-Mart, Target, Buy Buy

26    Baby, and Wal-Mart. The crib bumper products retail for approximately $70.

27

28

15.     Through their advertising, including the crib bumper products' packaging and labeling, Defendants affirmatively represent that the products are safe if properly installed.     This is false.     As discussed below, crib bumpers pose serious health risks and even the risk of infant death.   Defendants' crib bumper representations are false, misleading and reasonably likely to deceive the public.

16.     Defendants fail to disclose the true risks associated with their crib bumper products.     In fact, Defendants' crib bumper warning merely advises consumers that to prevent strangulation or suffocation, the consumer needs to properly secure the bumper and, when children can sit up or pull themselves to a seated position, the bumper should be removed:

BUMPER

⚠ **WARNING**

**TO PREVENT ENTANGLEMENT OR STRANGULATION, POSITION TIES TO OUTSIDE OF CRIB AND BE SURE THEY ARE SECURE.REMOVE BUMPER WHEN CHILD CAN SIT UP UNAIDED OR CAN PULL TO A STANDING POSITION.**

17.     This statement not only fails to disclose the true risks that accompany the use of crib bumpers, it is also implies that by following Defendants' instructions, use of their crib bumper products is safe.

18.     Defendants' reaffirm this deceptive message by enclosing a "naptime to nighttime information sheet" created by the Juvenile Products Manufacturers Association ("JPMA").[2]     While the "information sheet" recommends removing "pillows, sheepskins, pillow-like stuffed toys and products not intended as infant bedding from the crib when infants are sleeping", it does not recommend removing the crib bumper when the baby is sleeping.   Instead, the "information sheet" makes

---

[2]    JPMA is a trade organization that represents 250 companies in the United States, Canada, and Mexico who manufacture, import and/or distribute infant products, cribs, car seats, strollers, bedding, and a wide range of accessories and decorative items; Defendants are members of JPMA.

the following representations regarding bumper pads under the enlarged, bold faced heading "infant bedding safety":

- When using bumper pads avoid those that are pillow-like. Bumper pads must fit properly in your crib and tie or snap securely into place. Bumper ties MUST NOT exceed nine inches. Make sure the bumper pad can be secured along the sides of the crib.

- Use bumper pads only until the child can pull up to a standing position. Then remove them so baby cannot use the pads to climb out of the crib.

- Many bumpers are now sold in four pieces. For each bumper segment, if all ties on that segment cannot be securely attached to the crib DO NOT USE the bumper segment.

19. Defendants have affirmatively misrepresented that their crib bumper products are safe if properly installed. Defendants have also engaged in deception by concealment, in that they have concealed from Plaintiff and the Classes that crib bumpers pose serious health risks and even the risk of infant death.

*The Crib Bumper Products are Not Safe*

20. Crib bumpers became popular in older-style cribs that featured slats far enough apart that a baby's head could become trapped between them, thereby posing a suffocation risk. Today, however, all cribs sold in the United States mandate less space between slates (approximately 2 and 3/8 inches). These narrowed slates are so close together that it is virtually impossible for a baby's head to fit through the slats.

21. Despite the modern, safer design of cribs, sales of crib bumpers persist. Infant bedding sales exceed $50 million per year — a number that includes over 200,000 crib bumpers. These high sales continue because manufacturers and distributors of crib bumpers, including Defendants, perpetuate the falsehood that crib bumpers eliminate risk of injury or death in the crib environment. The

1  opposite is true: crib bumpers are themselves a hazard, totally superfluous and
2  unneeded — and, at best, worthless.

3      22.    In fact, according to the Centers for Disease Control and Prevention in
4  2009 alone, 665 babies died from accidental suffocation or strangulation while in
5  bed.

6      23.    Numerous organizations, especially Sudden Infant Death (SIDS)
7  awareness groups warn that crib bumper pads are not safe and may increase risk of
8  accidental suffocation.   In October 2011, the American Academy of Pediatrics
9  ("AAP") issued a specific warning about crib bumpers: "bumper pads should not be
10 used in cribs. There is no evidence that bumper pads prevent injuries, and there is a
11 potential risk of suffocation, strangulation or entrapment."[3]   The AAP, therefore,
12 recommends that parents "keep soft objects or loose bedding out of the crib.  This
13 includes pillows, blankets, and bumper pads."   Other groups have voiced similar
14 concerns, including: Health Canada,[4] the Consumer Product Safety Commission,[5]
15 the First Candle/National SIDS Alliance,[6] and the National Institute of Child Health
16 & Human Development.[7]

17     24.    The FDA also recommends against the use of baby bumpers in cribs.
18 According to the FDA, the best way to reduce the chance of SIDS is to create a safe

19

20 [3]  AAP Expands Guidelines for Infant Sleep Safety and SIDS Risk Reduction,
   http://www.healthychildren.org/English/news/Pages/AAP-Expands-Guidelines-for-
21 Infant- Sleep-Safety-and-SIDS-Risk-Reduction.aspx (last visited May 16, 2012).
   [4]  Policy Statement for Bumper Pads, HEALTH CANADA (Aug. 17, 2005),
22 http://www.hc-sc.gc.ca/cps-spc/legislation/pol/bumper-bordure-eng.php.
   [5]  Crib Safety Tips - Use Your Crib Safely, CONSUMER PRODUCT SAFETY
23 COMMISSION, http://www.cpsc.gov/CPSCPUB/PUBS/5030.html (last visited Jan.
24 31, 2012).
   [6]  Create a Safe Sleep Zone, FIRST CANDLE, http://www.firstcandle.org/new-
25 expectant-parents/bedtime-basics-for-babies/create-a-safe-sleep-zone (last updated
26 July 21, 2011).
   [7]  Safe Sleep for Your Baby: Reduce the Risk of Sudden Infant Death Syndrome
27 (SIDS), NAT'L INST. OF HEALTH, http://www.nichd.nih.gov/publications/pubs/
28 safe_sleep_gen.cfm (last updated Aug. 13, 2008).

sleep environment for a baby, which includes, *inter alia*, placing a baby in "a crib or bassinet free of pillows, blankets, bumpers, sleep positioners, and other objects."[8]

25.    The primary reason why these and other child safety organizations recommend against crib bumpers is that they pose a risk of suffocation.  Just like a pillow or thick blanket, crib bumper pads can restrict a baby's breathing if the bumper is next to the baby's nose or mouth.  Suffocation risk is greatest when babies are very young and unable to move themselves away from potential hazards.

26.    Crib bumpers can also cause strangulation.  Babies can become entangled in the crib bumper or its ties, or can get between the bumper and the crib and suffocate.

27.    Re-breathing of stale air is yet another concern with crib bumper pads.  The bumper reduces the flow of fresh air around baby during sleep, particularly if his or her face is very close to the bumper.  The AAP suggests that some infants, when overheated or who lacking sufficient oxygen during sleep, are unable to arouse themselves enough to prevent death.  Re-breathing of stale air may be a contributing factor to SIDS.[9]

28.    Recent studies affirm that crib bumper pads are hazardous to a baby's health.  For example, a 2007 study – Thach, B., et al, Deaths and Injuries Attributed to Infant Crib Bumper Pads, 151(3) J. of Pediatrics 271-274 (September 2007) – examined deaths and injuries attributed to bumper pads.  The study authors found that between the years 1985 to 2005, 27 accidental deaths of children (ages 1 to 2 years) were attributed to bumper pads that caused the children to suffocate either by becoming wedged against a padded bumper or strangled by the bumper ties.  The

---

[8]   Baby Products with SIDS Prevention Claims, http://www.fda.gov/medical devices/productsandmedicalprocedures/sidspreventionclaims/default.htm (last visited Jan. 31, 2012).

[9]   Timothy Begany, *AAP Renews Effort to Reduce SIDS Rate* (June 2000), http://www.respiratoryreviews.com/jun00/rr_jun00_aapguidelines.html.

1   study authors concluded that "crib and bassinet bumpers are dangerous", "prevent
2   only minor injuries" and, as such, "should not be used."

3       29.    In light of serious risks associated with crib bumpers, in September 8,
4   2011, Chicago banned the sale of crib bumpers in stores.  Other states, including
5   Maryland, are considering similar bans.

6   **_The Impact of Defendants' Wrongful Conduct_**

7       30.    As detailed above, Defendants deceptively marketed, advertised,
8   packaged, labeled and otherwise promoted their crib bumper products as safe.

9       31.    As the distributor of the products, Defendants possess specialized
10  knowledge regarding the safety of their crib bumper products and are in a superior
11  position to learn of the safety issues – and have learned of the safety concerns –
12  their products have on consumers.

13      32.    Specifically, Defendants knew or should have known, but failed to
14  disclose the following material facts, _inter alia_, that crib bumpers should not be
15  used in cribs and there is no evidence that bumper pads prevent injuries, but
16  instead, they create the risk of suffocation, strangulation and entrapment.

17      33.    Instead, Defendants caused the true risks of their crib bumper products
18  to be concealed from the public, by _inter alia_, engaging in a nationwide marketing
19  and advertising campaign falsely touting the safety of the crib bumper products if
20  installed as directed on the package.

21      34.    Plaintiff was misled by Defendants' marketing and advertising
22  campaign, including the packaging and labeling, which tout the crib bumper
23  products as safe, when in fact they are not.  Plaintiff purchased and used
24  Defendants' crib bumper product during the Class period and in doing so, read,
25  considered and based her decision to buy the crib bumper on the above cited
26  representations and without knowledge of the dangers posed by the products.
27  Plaintiff would not have purchased the crib bumper had she known that the
28

products pose a significant risk of suffocation, strangulation and entrapment and should not be placed in the crib at all.

35.   Defendants understood that consumers, including Plaintiff, would attach importance to the existence and truth of the representations made in deciding whether to purchase the crib bumper products and would consider such objective statements of fact material.   However, Defendants' statements about the crib bumper products were misleading because the crib bumper products are not safe and, in fact, put children at a greater risk of suffocation or death.

36.   Furthermore, by concealing and failing to disclose the true dangers posed by the crib bumper products, Defendants have and continue to engage in deception by concealment.

37.   As a result of the above described representations and material facts, Plaintiff and Class members either have or have likely been misled by Defendants' representations and material omissions into purchasing and paying for a valueless product that is not safe and poses risk of serious injury and death.   Plaintiff and Class members have suffered injury in fact in that they have spent money on the crib bumper products that lacked values, characteristics, uses or benefits they were led by the Defendants to believe they had.

38.   Defendants by contrast, reaped enormous profits from their false marketing and advertising campaign.

## CLASS ACTION ALLEGATIONS

39.   Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of California and Maryland state laws and/or similar laws in other states:

**Multi-State Class**
All consumers who, within the applicable statute of limitations, purchased Defendants' crib bumper products or bedding sets that include a crib bumper.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the crib bumper products for the purpose of resale.

40.     In the alternative, Plaintiff brings Count III of this action on behalf of herself and all other similarly situated Maryland residents pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Maryland-Only Class:**
All Maryland residents who, within the applicable statute of limitations, purchased one of Defendants' crib bumper products or bedding sets that include a crib bumper.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the crib bumper products for the purpose of resale.

41.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42.     Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable.   Plaintiff is informed and believes, and on that basis alleges, that the proposed Classes contain many thousands of members.   The precise number of Class members is unknown to Plaintiff.

43.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.   The common legal and factual questions include, but are not limited to, the following:

•   Whether Defendants engaged or continue to engage in consumer fraud in the packaging, labeling sale and marketing of their crib bumper products;

- Whether the crib bumper products are reasonably safe for use;

- Whether Defendants falsely represented that the crib bumper products are safe when installed as directed;

- Whether Defendants committed deception by concealment by knowingly concealing material facts regarding the safety risks posed by the crib bumper products;

- Whether Defendants' alleged conduct violated public policy;

- Whether the claims discussed above about the crib bumper products are true, or are misleading or reasonably likely to deceive;

- Whether the alleged conduct constitutes violations of the laws asserted herein;

- Whether Plaintiff and the Classes have been injured as a result of Defendants' conduct;

- Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

- Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

44.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Classes, as the claims arise from the same course of conduct by Defendants, and the relief sought is common.  Plaintiff and Class members suffered uniform damages caused by their purchase of the crib bumper products distributed, marketed, labeled, packaged and sold by Defendants.

45.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Classes.

46.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  It would thus be virtually impossible for the Classes, on an individual basis, to obtain effective redress for the wrongs done to them.   Furthermore,  even  if  Class  members  could  afford  such  individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action  device  provides  the  benefits  of  adjudication  of  these  issues  in  a  single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

47.    In  the  alternative,  the  Classes  also  may  be  certified  because Defendants  have  acted  or  refused  to  act  on  grounds  generally  applicable  to  the Classes thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole. Plaintiff seeks preliminary and permanent  injunctive  and  equitable  relief  on  behalf  of  the  entire  Classes,  on grounds generally applicable to the entire Classes, to enjoin and prevent Defendants from  engaging  in  the  acts  described,  and  requiring  Defendants  to  provide  full restitution to Plaintiff and Class members.

48.    Unless  the  Classes  are  certified,  Defendants  will  retain  monies received  as  a  result  of  their  conduct  that  were  taken  from  Plaintiff  and  Class members.   Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Classes and the general public will continue to be misled.

COUNT I

**Violation of Business & Professions Code §17200, *et seq*.**

1

2      49.    Plaintiff repeats and re-alleges the allegations contained in the

3  paragraphs above, as if fully set forth herein.

4      50.    Plaintiff brings this claim individually and on behalf of the Class.

5      51.    As alleged herein, Plaintiff has suffered injury in fact and lost money

6  or property as a result of Defendants' conduct because she purchased one of

7  Defendants' crib bumper products.

8      52.    The Unfair Competition Law, Business & Professions Code §17200, et

9  seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or

10  practice and any false or misleading advertising.  In the course of conducting

11  business, Defendants committed unlawful business practices by, inter alia, making

12  the representations (which also constitutes advertising within the meaning of

13  §17200) and omissions of material facts, as set forth more fully herein, and

14  violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions

15  Code §§17200, et seq., 17500, et seq., and the common law.

16      53.    Plaintiff and the Class reserve the right to allege other violations of

17  law, which constitute other unlawful business acts or practices.  Such conduct is

18  ongoing and continues to this date.

19      54.    Defendants' actions also constitute "unfair" business acts or practices

20  because, as alleged above, inter alia, Defendants engaged in false advertising,

21  misrepresented and omitted material facts regarding their crib bumper products, and

22  thereby offended an established public policy, and engaged in immoral, unethical,

23  oppressive, and unscrupulous activities that are substantially injurious to

24  consumers.

25      55.    As stated in this Complaint, Plaintiff alleges violations of consumer

26  protection, unfair competition and truth in advertising laws, resulting in harm to

27  consumers.  Defendants' acts and omissions also violate and offend the public

28

- 15 -

policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, et seq.

56.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

57.    Business & Professions Code §17200, et seq., also prohibits any "fraudulent business act or practice."

58.    Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

59.    Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Defendants' crib bumper products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

60.    As a result of its deception, Defendants have been able to reap unjust revenue and profit.

61.    Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

62.    Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
### Violations of the Consumers Legal Remedies Act –
### Civil Code §1750 *et seq.*

63.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of the Class.

65.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). Defendants' crib bumper products are "goods" within the meaning of the Act.

66.     Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the crib bumper products:

(5)     Representing that [crib bumper products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*         \*         \*

(7)     Representing that [crib bumper products are] of a particular standard, quality or grade . . . if [they are] of another.

\*         \*         \*

(9)     Advertising goods . . . with intent not to sell them as advertised.

\*         \*         \*

(16)    Representing that [crib bumper products] been supplied in accordance with a previous representation when [they have] not.

67.     Defendants violated the Act by representing and failing to disclose material facts on the crib bumper products' labeling and associated advertising, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were

1    obligated to disclose.

2        68.    Pursuant to California Civil Code §1782(d), Plaintiff and the Class

3    seek a Court order enjoining the above-described wrongful acts and practices of

4    Defendants and for restitution and disgorgement.

5        69.    Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing

6    by certified mail of the particular violations of §1770 of the Act and demanded that

7    Defendants rectify the problems associated with the actions detailed above and give

8    notice to all affected consumers of Defendants' intent to so act.   Copies of the

9    letters are attached hereto as Exhibit A.

10       70.    If Defendants fail to rectify or agree to rectify the problems associated

11   with the actions detailed above and give notice to all affected consumers within 30

12   days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend

13   this complaint to add claims for actual, punitive and statutory damages, as

14   appropriate.

15       71.    Defendants' conduct is fraudulent, wanton and malicious.

16       72.    Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the

17   affidavit showing that this action has been commenced in the proper forum.

18                                    COUNT III
                     Violation Of The Maryland Consumer Protection Act
19

20       73.    Plaintiff repeats and re-alleges the allegations contained in the

21   paragraphs above, as if fully set forth herein.

22       74.    The Maryland Consumer Protection Act, Md. Code Ann., Com. Law §

23   13-101, et seq. (the "MDCPA"), prohibits unfair or deceptive acts or practices in the

24   conduct of any trade or commerce.

25       75.    Defendants do business in Maryland, sell and distribute their crib

26   bumpers in Maryland, and engaged in deceptive acts and practices in connection

27   with the sale of their crib bumpers in Maryland and elsewhere in the United States.

28       76.    Defendants' products — which were purchased by Plaintiff and the

                                      - 18 -

other members of the Class — were "consumer items" as the term is defined under the MDCPA

77.     Defendants engaged in one or more acts characterized as "deceptive trade practices" in the conduct of trade or commerce pursuant to the MDCPA, as follows:

- 13-301(2)(i): Represent[ing] that: Consumer goods . . . have a . . . use or benefit . . . which they do not have; and
- 13-301(3): Fail[ing] to state a material fact if the failure deceives or tends to deceive.

78.     Defendants engaged in not less than the following unfair or deceptive acts or practices in the conduct of trade or commerce:

- Defendants deceptively marketed and sold crib bumpers as being safe;
- Defendants concealed from Plaintiff and the Class that crib bumpers pose serious health risks and even the risk of infant death.

79.     Defendants used these unfair or deceptive acts or practices with the intent that Plaintiff and each of the other members of the Class would rely upon such practices.

80.     In purchasing Defendants' crib bumper products, Plaintiff and each of the other members of the Class relied upon Defendants' acts, practices and representations.

81.     As a result of Defendants' unlawful practices, Plaintiff and each of the other members of the Class have sustained damages in an amount to be proven at trial.

82.     Defendants' conduct showed malice, evil motive, or the reckless disregard for the rights of others such that an award of punitive damages is appropriate.

1

## COUNT IV
### Violation of State Consumer Protection Laws

2        83.    Plaintiff repeats and re-alleges the allegations contained in the

3   paragraphs above, as if fully set forth herein.

4        84.    In the alternative to Counts I, II and III above, Plaintiff and the Classes

5   allege that Defendants violated the substantive consumer protection and unfair

6   deceptive trade practices acts or statutes of all states whose laws do not materially

7   conflict with each other for purposes of this action.

8        85.    By reason of the conduct as alleged herein, by advertising and

9   marketing their crib bumper products in various media, including on the packaging

10  and labeling, Defendants misled consumers about the safety of their products.

11  Defendants intentionally engaged in these deceptive acts and made false or

12  misleading representations and omitted material facts.

13       86.    Defendant violated the laws prohibiting unfair and deceptive trade

14  practices of the states and territories wherein Class members reside, including: Ala.

15  Code § 8-19-1 Alaska Stat. §44-1522 et seq.; Ariz. Rev. Stat. §44-1522 et seq.; Ark.

16  Code §4-88-101 et seq.; Cal. Bus. & Prof. Code §17200 et seq.; California Civil

17  Code §1750, et seq.; Colo. Rev. Stat. §6-1-105 et seq.; Conn. Gen. Stat. §42-110b et

18  seq.; 6 Del. Code §2511 et seq.; D.C. Code §28-3901 et seq.; Fla. Stat. §501.201 et

19  seq.; Fla. Stat. §§817.06; Ga. Code Ann. §10-1-392 et seq.; Haw. Rev. Stat. §480 et

20  seq.; Idaho Code §48-601 et seq.; 815 Ill. Comp. Stat. 502/1, et seq.; Iowa Code

21  §714H et seq.; Kan. Stat. §50-623 et seq.; Ky. Rev. Stat. §367.110 et seq.; La. Rev.

22  Stat. §51:1401 et seq.; Mass. Gen. Laws ch.93A et seq.; Md. Com. Law Code §13-

23  101 et seq.; Mich. Stat. §445.901 et seq.; Minn. Stat. §8.31 et seq.; Miss. Code Ann.

24  § 75-24-1 et seq.; Vernon's Missouri Stat. §407.010 et seq.; Mont. Code §30-14-101

25  et seq.; Neb. Rev. Stat §59-1601 et seq.; Nev. Rev. Stat. §598.0903 et seq.; N.H.

26  Rev. Stat. §358-A:1 et seq.; N.J. Rev. Stat. §56:8-1 et seq.; N.M. Stat. §57-12-1 et

27  seq.; N.Y. Gen. Bus. Law §349 et seq.; N.C. Gen. Stat. §75-1.1 et seq.; N.D. Cent.

28

Code §51-15-01 et seq.; Ohio Rev. Stat. §1345.01 et seq.; Okla. Stat. 15 §751 et seq.; Or. Rev. Stat. §646.605 et seq.; 73 Pa. Stat. §201-1 et seq.; R.I. Gen. Laws. §6-13.1-1 et seq.; S.C. Code Laws §39-5-10 et seq.; S.D. Code Laws §37-24-1 et seq.; Tenn. Code §47-18-101 et seq.; Tex. Bus. & Com. Code §17.41 et seq.; Utah Code. §13-11-1 et seq.; 9 Vt. §2451 et seq.; Va. Code §59.1-196 et seq.; Wash. Rev. Code. §19.86.010 et seq.; West Virginia Code §46A-6-l01 et seq.

87.   For example, the Washington Consumer Protection Act, Rev. Code § 19.86.020, declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." Defendants' marketing, advertising, labeling, packaging and sale of the crib bumper products is "commerce" as defined by the Washington Consumer Protection Act. Rev. Code § 19.86.010(2). Defendants violated the Washington Consumer Protection Act by representing through their advertisements that the crib bumper products were safe when installed as directed when such representations and advertisements were false, and misleading. Defendants' conduct, including misrepresenting the safety of the crib bumper products in the course of commerce had the capacity to and did inflict real injury and damage upon the Class. Rev. Code § 19.86.093.  As a result of Defendants' unlawful conduct, the Class is entitled to judgment, full restitution and damages, including treble damages. Rev. Code § 19.86.090. Plaintiff and Class members are also entitled to costs, including attorneys' fees. *Id.*

88.   As a direct and proximate result of Defendants' statutory violations, Plaintiff and Class members have been injured and suffered damages, including all monies paid for the crib bumper products.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray as follows:

A.   Certifying the Classes as requested herein;

B.    That the Court adjudge and decree that Defendants have engaged in the conduct alleged herein;

C.    Awarding Plaintiff and the proposed Class members damages;

D.    Awarding restitution and disgorgement to Plaintiff and the other Class members;

E.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

F.    Ordering Defendants to engage in a corrective advertising campaign;

G.    Awarding attorneys' fees and costs; and

H.    Providing such further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Date: May 17, 2012

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

By: _Todd D. Carpenter_

Todd D. Carpenter (234464)
*tcarpenter@bffb.com*
600 West Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-6978

Elaine A. Ryan (*To be admitted Pro Hac Vice*)
*eryan@bffb.com*
Patricia N. Syverson (203111)
*psyverson@bffb.com*

Lindsey M. Gomez-Gray (*To be admitted Pro Hac Vice*)
Lgomez-gray@bffb.com
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona  85012
Telephone:   (602) 274-1100

Joseph J. Siprut (*To be admitted Pro Hac Vice*)
jsiprut@siprut.com
Aleksandra M. S. Vold (*To be admitted Pro Hac Vice*)
avold@siprut.com
Siprut pc
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  (312) 588-1440

Stewart M. Weltman (Of Counsel) (*To be admitted Pro Hac Vice*)
sweltman@weltmanlawfirm.com
LEVIN, FISHBEIN, SEDRAN & BERMAN
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  (312) 427-3600

Attorneys for Plaintiff

# EXHIBIT A



BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, PC

| | | |
|---|---|---|
| JERRY C. BONNETT | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN | WENDY J. HARRISON |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER | PATRICIA N. SYVERSON |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[1] | TODD D. CARPENTER[1] |
| WILLIAM F. KING | TONNA K. FARRAR[2] | T. BRENT JORDAN[2] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ |
| KEVIN R. HANGER | ERIC D. ZARD | |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

May 17, 2012

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
(RECEIPT NO. 7009 0080 0000 4081 6360)

Crown Crafts Infant Products, Inc.
General Counsel
711 West Walnut Street
Compton, California 90220

    Re:    Jodts v. Crown Crafts Infant Products, Inc., *et al.*

Dear Sir or Madam:

    Our law firm together with the law firms Siprut PC and Levin, Fishbern, Sedran & Berman represent Kristin Jodts and all others similarly situated in an action against Crown Crafts, Inc. and Crown Crafts Infant Products, Inc. (collectively, "Crown Crafts" or "Defendants") arising out of, *inter alia*, misrepresentations, either express or implied, and material omissions by Defendants to consumers that their line of crib bumper products are safe if properly installed.

    Mr. Jodts and others similarly situated purchased the crib bumper products unaware that Defendants' crib bumper products are not safe even if properly installed and, in fact, the crib bumper products pose serious health risks, including the risk of infant death. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

    Defendants' representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase their crib bumper products. Defendants' representations about the crib bumpers do not assist consumers; they simply mislead them.

    Defendants' representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

        (5)    Representing that [the the crib bumper products have] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

Crown Crafts Infant Products, Inc.
General Counsel
May 17, 2012
Page | 2

* * *

(7)     Representing that [the the crib bumper products are] of a particular
        standard, quality or grade, . . . if [they are] of another.

* * *

(9)     Advertising goods . . . with the intent not to sell them as advertised.

* * *

(16)    Representing that [the the crib bumper products have] been supplied in
        accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

        Defendants' representations and material omissions also constitute violations of
California Business and Professions Code §17200, *et seq.*, and violations of Maryland's
Consumer Protection Act §13-101, *et seq.*

        While the Complaint constitutes sufficient notice of the claims asserted, pursuant to
California Civil Code §1782, we hereby demand on behalf of our client and all others similarly
situated that Defendants immediately correct and rectify this violation of California Civil Code
§1770 by ceasing the misleading marketing campaign and ceasing dissemination of the false and
misleading information as described in the enclosed Complaint.  In addition, Defendants should
offer to refund the purchase price to all consumer purchasers of the crib bumper products, plus
reimbursement for interest, costs, and fees.

        Plaintiff will, after 30 days from the date of this letter, amend the Complaint without
leave of Court, as permitted by California Civil Code §1782, to include claims for actual and
punitive damages (as may be appropriate) if a full and adequate response to this letter is not
received.  These damage claims also would include claims under already asserted theories of
unlawful business acts, as well as the claims under the Consumers Legal Remedies Act.  Thus, to
avoid further litigation, it is in the interest of all parties concerned that Defendants address these
violations immediately.

        Defendants must undertake all of the following actions to satisfy the requirements of
California Civil Code §1782(c):

        1.      Identify or make a reasonable attempt to identify purchasers of the crib bumper
products;

Crown Crafts Infant Products, Inc.
General Counsel
May 17, 2012
Page | 3

     2.     Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

     3.     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the crib bumper purchasers who so request; and

     4.     Cease from expressly or impliedly representing to consumers that the crib bumper products are safe if properly installed when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

     We await your response.

     Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures



BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, PC

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[3]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

May 17, 2012

<u>VIA CERTIFIED MAIL (RETURN RECEIPT)</u>
(RECEIPT NO. 7009 0080 0000 4081 6377)

Crown Crafts, Inc.
General Counsel
916 South Burnside Avenue
Gonzales, Louisiana 70737

Re:    Jodts v. Crown Crafts Infant Products, Inc., *et al.*

Dear Sir or Madam:

Our law firm together with the law firms Siprut PC and Levin, Fishbern, Sedran & Berman represent Kristin Jodts and all others similarly situated in an action against Crown Crafts, Inc. and Crown Crafts Infant Products, Inc. (collectively, "Crown Crafts" or "Defendants") arising out of, *inter alia*, misrepresentations, either express or implied, and material omissions by Defendants to consumers that their line of crib bumper products are safe if properly installed.

Mr. Jodts and others similarly situated purchased the crib bumper products unaware that Defendants' crib bumper products are not safe even if properly installed and, in fact, the crib bumper products pose serious health risks, including the risk of infant death. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase their crib bumper products. Defendants' representations about the crib bumpers do not assist consumers; they simply mislead them.

Defendants' representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

(5)    Representing that [the the crib bumper products have] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

Crown Crafts, Inc.
General Counsel
May 17, 2012
P a g e | 2

    (7)    Representing that [the the crib bumper products are] of a particular standard, quality or grade, . . . if [they are] of another.

* * *

    (9)    Advertising goods . . . with the intent not to sell them as advertised.

* * *

    (16)    Representing that [the the crib bumper products have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

Defendants' representations and material omissions also constitute violations of California Business and Professions Code §17200, *et seq.*, and violations of Maryland's Consumer Protection Act §13-101, *et seq.*

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of the false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of the crib bumper products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted theories of unlawful business acts, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

    1.    Identify or make a reasonable attempt to identify purchasers of the crib bumper products;

    2.    Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

Crown Crafts, Inc.
General Counsel
May 17, 2012
P a g e | 3

     3.     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the crib bumper purchasers who so request; and

     4.     Cease from expressly or impliedly representing to consumers that the crib bumper products are safe if properly installed when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

     We await your response.

                         Very truly yours,

                         Patricia N. Syverson
                         For the Firm

PNS:lmg
Enclosures

# EXHIBIT B

1  Joseph J. Siprut (*To be admitted Pro Hac Vice*)
   *jsiprut@siprut.com*
2  Aleksandra M. S. Vold (*To be admitted Pro Hac Vice*)
   *avold@siprut.com*
3  SIPRUT PC
4  122 South Michigan Avenue, Suite 1850
   Chicago, Illinois 60603
5  Telephone: (312) 588-1440
6
7  Todd D. Carpenter (234464)
   *tcarpenter@bffb.com*
8  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
9  600 W. Broadway, Suite 900
   San Diego, California 92101
10 Telephone: (619) 756-6978
11
12 [additional counsel appear on signature page]
13
   Attorneys for Plaintiff
14
15 **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
16
17 KRISTIN JODTS, individually and on        Case No.:
   behalf of all others similarly situated,
18                                            CLASS ACTION:
19              Plaintiff,
                                              DECLARATION OF TODD D.
20         v.                                 CARPENTER PURSUANT TO
                                              CALIFORNIA CIVIL CODE
21 CROWN CRAFTS INFANT                        §1780(d)
   PRODUCTS, INC., a Delaware
22 corporation; CROWN CRAFTS, INC.,
   a Delaware corporation,
23
24
              Defendants.
25
26
27
28

I, Todd D. Carpenter, declare as follows:

1.    I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

2.    Defendants Crown Crafts Infant Products, Inc. and Crown Crafts, Inc., have done and are doing business in the Central District of California.  Such business includes the distributing, marketing, labeling, packaging and sale of their crib bumper products.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __17th__ day of May 2012, at Phoenix, Arizona.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)

_Todd D. Carpenter_

Todd D. Carpenter
600 West Broadway Suite 900
San Diego, California 92101
Telephone: (619) 756-6978
Facsimile:(602) 798-5860

Elaine A. Ryan (*To be admitted Pro Hac Vice*)
eryan@bffb.com
Patricia N. Syverson (203111)
*psyverson@bffb.com*
Lindsey M. Gomez-Gray (*To be admitted Pro Hac Vice*)
Lgomez-gray@bffb.com
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona  85012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:    (602) 274-1100

Joseph J. Siprut (*To be admitted Pro Hac Vice*)
*jsiprut@siprut.com*
Aleksandra M. S. Vold (*To be admitted Pro Hac Vice*)
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
312.588.1440
Fax: 312.878.1342

Stewart M. Weltman (Of Counsel) (*To be admitted Pro Hac Vice*)
*sweltman@weltmanlawfirm.com*
LEVIN, FISHBEIN, SEDRAN & BERMAN
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-3600

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 4309 ODW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, PC
2901 N. Central Avenue, Ste. 1000
Phoenix, AZ 85012

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KRISTIN JODTS, individually and on behalf of all
others similarly situated,

PLAINTIFF(S)

v.

CROWN CRAFTS INFANT PRODUCTS, INC., a
Delaware Corporation; CROWN CRAFTS, INC., a
Delaware Corporation,

DEFENDANT(S).

CASE NUMBER

# CV12-04309
ODW(LWx)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Todd D. Carpenter__, whose address is __2901 N. Central Avenue, Suite 1000, Phoenix, Arizona 85012__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY 1 7 2012

Clerk, U.S. District Court

Dated: _____

By: _____

**JULIE PRADO**

Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KRISTIN JODTS, individually and on behalf of all others similarly situated,

**DEFENDANTS**
CROWN CRAFTS INFANT PRODUCTS, INC., a Delaware Corporation; CROWN CRAFTS, INC., a Delaware Corporation,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Todd C. Carpenter/Bonnen, Fairbourn, Friedman & Balint, PC
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012 (602) 274-1100

Attorneys (if Known)

**BY FAX**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** **JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No
☒ **MONEY DEMANDED IN COMPLAINT: $ 5,000,000**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cal. Bus. & Prof. Code § 17200 Violation of the Unfair Competition Law; Civil Code § 1750 Violation of Consumers Legal Remedies Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise |  | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**CV12-04309**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 05/17/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |